UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-21731-CIV-GAYLES/TURNOFF

**STEPHEN DOLLINS**,

    Plaintiff,

v.

**UNITED STATES OF AMERICA**, **INDEPENDENT MOBILITY SERVICES, INC., and INDEPENDENT MOBILITY SALES, INC.,**

    Defendants.

_____/

## AMENDED ORDER

**THIS CAUSE** comes before the Court upon United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim [ECF No. 30]. The Court has carefully reviewed the Motion, the parties' submissions, the record, and the applicable law. For the reasons set forth below, the Defendants' Motion to Dismiss is GRANTED in part and DENIED in PART.

### BACKGROUND

Plaintiff Stephen Dollins ("Plaintiff"), a retired member of the United States Marine Corps., is tetrapalegic and confined to a wheelchair. As a veteran, Plaintiff utilizes the Department of Veterans Affairs' (the "VA") Medical Center in Miami, Florida (the "VAMC"). The VA is the department of Defendant United States of America (the "United States") responsible for administering benefits for retired service members.

On August 26, 2011, Plaintiff advised his VAMC physician that he needed a new wheelchair because his wheelchair was malfunctioning. The VAMC ordered Plaintiff a new wheelchair from Invacare. On December 18, 2011, Defendants Independent Mobility Sales and/or Independent

1

Mobility Services (collectively "Independent Mobility") delivered the new wheelchair to Plaintiff at his home. Independent Mobility is a medical equipment provider and has an agreement with the VAMC to provide equipment to disabled veterans. Plaintiff is 6'6" tall and alleges that Independent Mobility failed to determine whether the new wheelchair properly fit his large frame and failed to adjust the footplates for his height.

In January 2012, Plaintiff returned to the VAMC complaining of pressure sores on his heels and requested a wheelchair with longer footplates. A VAMC physical therapist indicated that the legs of the new Wheelchair did not look long enough for Plaintiff's body. A VAMC employee added padding to the footplates of the new wheelchair and advised Plaintiff to use the old wheelchair. Shortly thereafter, Plaintiff was operating one of his wheelchairs at home when his right foot caught against the wall, causing him to fracture his leg. It is unclear whether Plaintiff was using the new wheelchair or the old wheelchair at the time of the accident.

On September 15, 2015, Plaintiff filed his Amended Complaint asserting claims for negligence against the United States and negligence and negligence per se against Independent Mobility. Independent Mobility has answered the Amended Complaint. The United States moves to dismiss arguing lack of subject matter jurisdiction and failure to state a claim. Specifically, the United States asserts that both the discretionary function exception and the independent contractor exception to the Federal Tort Claims Act ("FTCA") divest this Court of jurisdiction. In addition, the United States argues that Plaintiff fails to adequately allege that the United States breached a specific duty to Plaintiff. In support of its Motion to Dismiss, the United States relies on the declaration of Ashley Boateng ("Ms. Boateng"), the Chief of Prosthetics at the Miami VAMC. Ms. Boateng reviewed Plaintiff's medical records and purchase orders and is familiar with the VA's

policies and procedures for purchasing, servicing, and repairing wheelchairs. In her affidavit, Ms. Boateng details Plaintiff's requests for, and complaints about, his new and old wheelchairs.

## DISCUSSION

### Legal Standard

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A district court must have jurisdiction under at least one of the three types of subject-matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Butler v. Morgan*, 562 F. App'x 832, 834 (11th Cir. 2014) (citation omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations omitted).

"[A] motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) can be based upon either a facial or factual challenge to the complaint." *McElmurray v. Consol. Gov't of Augustana-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)). A facial challenge provides Plaintiff with similar safeguards to those of a Rule 12(b)(6) motion, and "the court must consider the allegations in the plaintiff's complaint as true." *Id.* In considering a facial attack on the complaint, the court must look to whether the plaintiff has "sufficiently alleged a basis of subject matter jurisdiction." *Id.* The court can consider the complaint as well as the attached exhibits. *Id.* "Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits." *Morrison v. Amway Corp.*, 323 F.3d 925 n.5 (11th Cir. 2003). However, where "the existence of subject matter

3

jurisdiction is inextricably intertwined with material facts affecting the merits of the claim, a district court must be guided by the standard for summary judgment motions under Fed.R.Civ.P. 56." *Bennett v. United States*, 102 F.3d 486, 488 (11th Cir. 1996).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). As in a facial attack under a Rule 12(b)(1) motion, the Court limits its 12(b)(6) analysis to the face of the complaint and attachments and accepts Plaintiff's allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368-69 (11th Cir. 1997).

## I. Jurisdiction and the FCTA

The United States is a sovereign entity and therefore immune from suit unless it consents to be sued. *Zelaya v. United States,* 781 F.3d 1315, 1321 (11th Cir. 2015). Pursuant to the FTCA, the United States waives its sovereign immunity for injuries caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Congress enacted the FTCA "to provide redress to injured individuals for ordinary torts recognized by state law but committed by federal employees." *Zelaya*, 781 F.3d at 1323 (citations omitted).

### a. Negligence under Florida Law

For the FTCA to act as a waiver of the United States' sovereign immunity, Plaintiff must show that he could bring a similar action against a private person for negligence under Florida law. *Id.* "To succeed on a negligence claim in Florida, 'Plaintiff must show that the defendant owed a

duty of care to the plaintiff, that the defendant breached the duty, that the breach caused plaintiff's injury, and that damages are owed.'" *Miles v. Naval Aviation Museum Foundation, Inc.,* 289 F.3d 715, 722 (11th Cir. 2002) (quoting *Ewing v. Sellinger*, 758 So.2d 1196, 1197 (Fla. 4th DCA 2000)). Plaintiff alleges that (1) the United States had a duty to provide him with a safe, operational, and properly sized wheelchair and to insure that its contractors were qualified and licensed; (2) the United States breached its duty by (a) ordering the wrong size wheelchair, (b) failing to adjust the new wheelchair, (c) failing to ensure that Independent Medical was licensed and qualified, and (d) directing Plaintiff to use the old wheelchair when they knew or should have known it was unsafe; (3) the United States' breach caused Plaintiff's injuries; and (4) Plaintiff has suffered damages. *See* ECF No 22. Accordingly, the Court finds that Plaintiff has sufficiently alleged a claim for negligence.

The United States argues that Plaintiff fails to allege that the United States owed a specific duty to Plaintiff. The Court disagrees. "The duty element of negligence focuses on whether the defendant's conduct foreseeably created a broader 'zone of risk' that poses a general threat of harm to others." *McCain v. Fla. Power Corp.*, 593 So.2d 500, 502 (Fla. 1992). If the United States made a mistake and ordered the wrong size wheelchair or instructed Plaintiff to use the old wheelchair knowing it was unsafe, it is foreseeable that the United States' conduct created a broader zone of risk that Plaintiff would be harmed. Therefore, the Court finds that Plaintiff has sufficiently stated a negligence claim against the United States.

The United States also relies on Ms. Boateng's declaration and supporting documents to refute the allegations that the United States ordered the wrong wheelchair and knew that the old wheelchair was malfunctioning. This factual determination is best resolved after discovery, on a motion for summary judgment. *See Bennett v. United States,* 102 F.3d 486, 488 (11th Cir. 1996).

As Plaintiff has not had the opportunity to take discovery on Ms. Boateng's assertions, there are material facts in dispute; and dismissal, at this juncture, is inappropriate.

### b. Exceptions to the FTCA

The United States argues that the discretionary function exception and the independent contractor exception to the FTCA's waiver of sovereign immunity apply and, as a result, this Court does not have subject matter jurisdiction.

Discretionary Function Exception

The discretionary function exception to the FTCA exempts the United States' wavier for claims "based on the exercise or performance or the failure to exercise or perform a discretionary function or duty." 28 U.S.C. § 2680 (a). The exception protects purely governmental activities, as opposed to "garden variety torts," from suit by private individuals. *See Wills v. United States,* No. 3:12-cv-870-J, 2015 WL 3440422 at *4 (M.D. Fla. May 28, 2015). The Court applies a two-part test to determine whether the exception applies. First, the Court must determine whether the government's conduct was "discretionary in nature – that is, if [it] involve[s] an element of judgment or choice." *Cosby v. U.S. Marshals Service,* 520 Fed.Appx. 819, 821 (11th Cir. 2013) (internal quotation marks omitted). Second, the Court must decide whether the judgment is grounded in considerations of social, economic or political policy. *Id.* "If the decision could objectively be made on policy grounds within the discretion afforded the decisionmaker, then we presume that the act was grounded in policy whenever that discretion is employed." *Id.* (internal quotation marks omitted).

The Court finds that the bulk of the United States' alleged conduct is discretionary in nature. The VAMC's decisions as to purchasing, delivering, and servicing wheelchairs and its decisions on how to accommodate a veteran's needs when there is ill fitted equipment are discretionary.

Although the VA's handbook sets forth general wheelchair policies, there is no mandate on what wheelchairs to purchase, which vendors to use, or how to logistically handle the replacement of equipment. *See* Boateng Declaration at ECF No. 30-1.[1] Without a special policy mandating its actions, the VAMC has the discretion to make decisions in the manner it deems fit. *See United States v. Gaubert*, 499 U.S. 315 (1991).

In addition, most of the VA's decisions at issue in this action are grounded in public policy. "When established governmental policy . . . allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *United States v. Gaubert*, 499 U.S. 315 (1991). There are social and economic considerations the VA must evaluate when purchasing wheelchairs for veterans, including controlling limited resources and managing logistics. The discretionary function exception protects these types of decisions. *See Cosby*, 520 Fed.Appx. at 821 (Marshal's service decisions regarding type of care to provide to prisoners is discretionary in nature and "susceptible to policy analysis because, in determining the precise course of medical treatment to pursue, several policy conditions are relevant, including prison security, the allocation of finite resources, and the logistics of prisoner transportation if transfer to an off-site facility is an option"); *Spencer v. United States*, 71 F.Supp.3d 1331,1336 (S.D. Ga. 2014) (government's delegation of responsibilities to maintain elevators in a federal building was discretionary); *Fang v. United States*, 140 F.3d 1238, 1241 (9th Cir. 1998) ("the United States remains immune from liability for lawsuits challenging the distribution of emergency medical equipment throughout a national park when those suits challenge the decisionmaker's policy-based judgment.").

---

1  Reference to the Boateng Declaration is appropriate here because the Court is determining the extent of the United States' discretion for purposes of ascertaining jurisdiction as opposed to whether the United States was negligent.

The Court, however, finds that the discretionary function exception does not apply to the United States' alleged negligence in ordering the wrong size wheelchair. The United States purportedly made a mistake in ordering the new wheelchair. *See* ECF No. 22 at ¶ 40e ("ordering a wheelchair for [Plaintiff] that was too short and/or did not have footplates that were sufficiently long to properly accommodate his body"). A mistake is not a choice or a judgment and therefore not an exercise of discretion. *See Fang*, 140 F.3d at 1241 (Congress did not intend for a "mere medical error or mistake" to be shielded from liability); *Sakal v. United States*, No. 09-21933, 2010 WL 3782135 at *5 (S.D. Fla. June 14, 2010) (discretionary exception does not apply to "garden variety" torts). Further, there is no policy consideration in making a mistake. "The United States is *not* immune from claims which challenge the actual administration of medical care by its employees when the claims do not concern actions which are the product of judgment driven by the consideration of competing policy based choices." *Fang*, 140 F.3d at 1242. While the decision on how to remedy Plaintiff's need for a new wheelchair is a shielded discretionary decision, a mistake in administering that decision is not. Accordingly, the Court has jurisdiction over Plaintiff's claims against the United States that relate to the VAMC's alleged mistake in ordering the wrong size wheelchair.

Independent Contractor Exception

The United States also argues that, pursuant to the Independent Contractor Exception, it cannot be held responsible for the acts of Independent Mobility. The Court agrees. *See* 28 U.S.C. § 2671 (excluding any contractors with the United States from its immunity waiver); *U.S. v. Orleans*, 425 U.S. 807, 813-815 (1976). Accordingly, any claims against the United States based on Independent Mobility's conduct must be dismissed for lack of subject matter jurisdiction.

## II. Stating a Claim

As detailed above, Plaintiff has adequately stated a claim for negligence against the United States based on the VAMC's alleged mistake in ordering the new wheelchair. Accordingly, the Court denies the United States' motion to dismiss for failure to state a claim.

## CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that United States' Motion to Dismiss **[ECF No. 30]** is GRANTED in part and DENIED in part.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of February, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge Turnoff
      All Counsel of Record